FILED
CLERK, U.S. DISTRICT COURT
5/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MMC\_\_\_\_\_ DEPUTY

BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
Domestic Security & Immigration
  Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     Facsimile: (213) 894-0141
     E-mail:   matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>THOMAS EUGENE STREAVEL,<br><br>          Defendant. | CR 5:25-CR-00182-MRA<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

   Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

   ☐ a.  present offense committed while defendant was on release pending (felony trial),

   ☐ b.  defendant is an alien not lawfully admitted for permanent residence; and

|   |   |   |   |
|---|---|---|---|
|   | ☐ | c. | defendant may flee; or |
|   | ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
|   | ☒ | a. | the appearance of the defendant as required; |
|   | ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
|   | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
|   | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
|   | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|   | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|   | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |

|   |   |   |   |
|---|---|---|---|
| 1 |   |    | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2 |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3 |   |    | to community and flight risk); |
| 4 | ☐ | d. | defendant currently charged with an offense described |
| 5 |   |    | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 6 |   |    | previously convicted of an offense described in |
| 7 |   |    | paragraph 5a - 5e below (whether Federal or |
| 8 |   |    | State/local), <u>AND</u> that previous offense was committed |
| 9 |   |    | while defendant was on release pending trial, <u>AND</u> the |
| 10 |   |    | current offense was committed within five years of |
| 11 |   |    | conviction or release from prison on the above- |
| 12 |   |    | described previous conviction (presumption of danger to |
| 13 |   |    | community). |
| 14 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15 |   |    | If the Case Involves: |
| 16 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 17 |   |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 18 |   |    | Federal crime of terrorism (as defined in 18 U.S.C. |
| 19 |   |    | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 20 |   |    | years' imprisonment or more; |
| 21 | ☐ | b. | an offense for which maximum sentence is life |
| 22 |   |    | imprisonment or death; |
| 23 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 24 |   |    | 10 years' imprisonment or more; |
| 25 | ☐ | d. | any felony if defendant has two or more convictions for |
| 26 |   |    | a crime set forth in a-c above or for an offense under |
| 27 |   |    | state or local law that would qualify under a, b, or c |
| 28 |   |    |   |

|   |   |   |
|---|---|---|
| ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| ☒ | f. | serious risk defendant will flee; |
| ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

☐ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐  7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 28, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

_/s/_____
MATT COE-ODESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA